UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENEVA LANGWORTHY,

    Plaintiff,

v.

THE APPELLATE LAW FIRM,

    Defendant.
_____/

Case No.  2:22-cv-12564
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

**ORDER DENYING
PLAINTIFF'S SECOND MOTION FOR THE APPOINTMENT OF A
LIMITED GUARDIAN AD LITEM (ECF No. 26)
AND
PLAINTIFF'S MOTION IN LIMINE (ECF No. 29)**[1]

I.    Introduction

This is a civil case.  Plaintiff Geneva Langworthy (Langworthy), proceeding *pro se* and *in forma pauperis*, filed a complaint against the Appellate Law Firm (Law Firm) asserting claims under the Americans with Disabilities Act and the Uniform Commercial Code for money damages for "disability discrimination, denial of effective communication, disparate treatment/disparate impact, breach of contract, failure to contract, outrage, emotional distress, and legal malpractice."

---

[1] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

(ECF No. 1, PageID.2). In broad terms, Langworthy's claims relate to her dissatisfaction with the representation the Law Firm provided to her in criminal appeals in the state of Washington. *See* ECF No. 1.

Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 9). Before the Court are Langworthy's second motion for the appointment of a limited guardian ad litem, (ECF No. 26), and Langworthy's motion in limine, (ECF No. 29), requesting the Court to "restrict the [Law Firm] from filing documents or making reference to completely unrelated litigation in a different state."[2] For the reasons that follow, both motions will be DENIED.

II. Second Motion for the Appointment of a Limited Guardian Ad Litem

A. Relevant Procedural Background

On February 24, 2023, Langworthy filed her first motion for the appointment of a guardian ad litem. (ECF No. 15). On March 16, 2023, after the motion was fully briefed, (ECF Nos. 19, 20), the Court entered an order denying Langworthy's request for the appointment of a guardian ad litem, (ECF No. 21). On the same day, Langworthy filed two additional motions, (ECF Nos. 22, 23), that were later stricken, (ECF No. 25).

On March 22, 2023, Langworthy filed a new motion restating her request for

---

[2] Langworthy has also filed a motion for declaratory judgment, (ECF No. 31), which will be the subject of a future Report and Recommendation.

the appointment of a limited guardian ad litem. (ECF No. 26). In support of this motion, Langworthy attached a Mental Evaluation containing some minor redactions. (ECF No. 26, PageID.166-169). To protect Langworthy's privacy, the Court *sua sponte* sealed the motion. (ECF No. 27).

On April 4, 2023, the Law Firm filed a response in which it argued that Langworthy's second motion for the appointment of a limited guardian ad litem was a disguised motion for reconsideration that failed to establish the Court's prior order was in error. (ECF No. 28, PageID.183-184). The Law Firm further argued that Langworthy had failed to establish her entitlement to a court-appointed guardian ad litem and that, if necessary, the Court could offer accommodations to Langworthy to allow her to continue proceeding *pro se*. (*Id*., PageID.184-187).

Three days later, on April 7, 2023, Langworthy filed a reply in which she argued that she had demonstrated her need for a guardian ad litem and expressed worries that the Law Firm would use the Mental Evaluation against her going forward. (ECF No. 32).

B. Discussion

Langworthy's second motion for the appointment of a limited guardian ad litem will be construed as a motion for reconsideration of her initial motion. Both motions make the same arguments with the key difference between the two motions being that Langworthy attaches a Mental Evaluation from 2018 that was

completed by Mark Hawley, Ph.D. (Dr. Hawley) to her most recent motion. *See* ECF No. 26, PageID.166-169.

### 1. Legal Standard

"[Eastern District of Michigan] Local Rule 7.1(h) distinguishes the standard of review for motions for reconsideration of final orders, E.D. Mich. LR 7.1(h)(1), as opposed to nonfinal orders, E.D. Mich. LR 7.1(h)(2)." *Fischer v. United States*, 589 F. Supp. 3d 726, 727-728 (E.D. Mich. 2022). The order at issue here is a nonfinal order. Motions for reconsideration of such orders are disfavored under Local Rule 7.1(h)(2), which provides that a motion can only be brought for one of the following three reasons:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. LR 7.1(h)(2). Langworthy appears to be proceeding under the third option in light of her decision to attach the Mental Evaluation to her new motion.

### 2. Application

Langworthy has failed to meet the requirements of Local Rule 7.1(h)(2)(C). Even though the Mental Evaluation is newly before the Court, it does not contain

4

new facts. This is because the Mental Evaluation was completed several years ago and was in Langworthy's possession when she filed her first motion for the appointment of a limited guardian ad litem. Thus, the Mental Evaluation could have been attached to Langworthy first motion on this subject.

Moreover, even if the Mental Evaluation was treated as if it contained new facts, the Court would nonetheless preserve its previous decision that the appointment of a limited guardian at litem is not warranted. The Mental Evaluation appears to have been completed in the context of evaluating Langworthy's ability to maintain fulltime employment. Dr. Hawley concluded the evaluation by providing a functional assessment in which he indicated, in relevant part, that while Langworthy was "able to reason and understand moderately complex ideas and instructions[,]" that she would likely struggle in a work environment due to her "personality characters [sic] that could impact the ability to tolerate situations or interpersonal pressures." (ECF No. 26, PageID.169).

The Third Circuit has held that "[w]hen confronted with verifiable evidence from a mental health professional of an unrepresented litigant's incompetence, the district court has an obligation, pursuant to Rule 17, to inquire into the litigant's competency." *Powell v. Symons*, 680 F.3d 301, 310 (3rd Cir. 2012). It is up to the individual district court to decide "the degree and form of process required to" make a competency determination. *Id*. For instance, "[i]t might be that some

evidence of incompetence . . . is sufficiently unpersuasive as to be rebutted by other evidence in the record, or by the district court's own experience with an unrepresented litigant, without the need for a full blown hearing." *Id*. Here, the Court is faced with the kind of "sufficiently unpersuasive" evidence that can be rebutted without the need for additional briefing or a hearing. *Id*. A five-year-old Mental Evaluation that does not comment on Langworthy's competency has not affected the Court's opinion that Langworthy is competent to proceed on her own.

Moreover, nothing before the Court suggests Langworthy is incompetent. The Fourth Circuit has explained that by its use of the word "incompetent," Federal Rule of Civil Procedure 17(c) "undoubtedly contemplates . . . that form of mental deficiency which—whether or not accompanied by other forms of personality disorder—affects the person's practical ability 'to manage his or her own affairs.' " *Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986). Langworthy has demonstrated that she is adept at representing herself in a lawsuit. She has filed several motions in which she has coherently set forth facts, law, and analysis. She has also timely filed responses and replies.

In sum, Langworthy has demonstrated that she can manage her own affairs even in the face of any mental health struggles. Accordingly, her second motion for the appointment of a limited guardian ad litem is denied.

### III. Motion in Limine

On April 4, 2023, Langworthy filed a motion in limine requesting "that the Court restrict the [Law Firm] from filing documents or making reference to completely unrelated litigation in a different state." (ECF No. 29, PageID.207). In other words, she asks the Court to prohibit the Law Firm from submitting her filings in other federal district courts as evidence in the instant case. *See* ECF No. 29. The Law Firm responded on April 17, 2023, arguing that Langworthy's motion is premature and meritless. (ECF No. 34).

### A. Legal Standard

A motion in limine is a type of motion "designed to narrow the evidentiary issues at trial." *Koger v. Mohr*, No. 4:17CV2409, 2021 WL 4477821, at *2 (N.D. Ohio Sept. 30, 2021). "Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id*.

Through a motion in limine, a party can seek to "to exclude anticipated prejudicial evidence before the evidence is actually offered[,]" *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984), but such a motion does not restrict a trial judge's ability to consider evidence when ruling on motions during pretrial

proceedings. Additionally, the purpose of a motion in limine is to stop the factfinder from hearing potentially prejudicial evidence, not to stop the presiding judge from hearing such evidence. Moreover, motions in limine are typically made on the eve of trial, not during the discovery phase of a case.

### B. Application

The Court acknowledges Langworthy's desire for the Court to focus on the facts underlying her dispute with the Law Firm, rather than the goings-on in cases that she has filed in other federal courts. The Court intends to do so. However, if one of the parties believes that a filing in a separate case is relevant to a matter before this Court, the party may submit that filing for consideration. Accordingly, Langworthy's motion in limine is denied.

### IV. Conclusion

For the reasons stated above, Langworthy's second motion for the appointment of a limited guardian ad litem, (ECF No. 26), as well as her motion in limine, (ECF No. 29), are DENIED.

SO ORDERED.

Dated: May 1, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 1, 2023.

                                            s/Carolyn M. Ciesla
                                            CAROLYN M. CIESLA
                                            Case Manager